**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIVIL DIVISION**

STACIE WHITWORTH,
an individual,

      Case No.:

    Plaintiff,
v.

CAPITAL ONE AUTO FINANCE, a division of,
CAPITAL ONE BANK USA, N.A.,
a National Association,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, STACIE WHITWORTH (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE BANK USA, N.A. (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), wherein Defendant unlawfully attempted to collect a consumer debt from Plaintiff via harassing and unlawful means, including unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite lacking Plaintiff's consent to make such calls to her cellular telephone.

### JURISDICTION, PARTIES, AND VENUE

2.    This is an action for damages that exceeds $5,000.00, exclusive of attorneys' fees

1

and costs.

3. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3).

4. At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

6. At all material times herein, Defendant is a foreign entity that does business in Pinellas County, Florida.

7. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-2261), and was the called party and recipient of Defendant's calls, as referenced below.

## FCCPA STATUTORY STRUCTURE

8. The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

9. The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

10. Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

11. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor. *See* Fla. Stat. § 559.72(7).

## TCPA STATUTORY STRUCTURE

12. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

13. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

14. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

15. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id*. at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

16. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

17. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

18. At all material times herein, Defendant attempts to collect consumer debt, including but not limited to, a car loan balance allegedly owed to Defendant (hereinafter, the "Debt").

19. At all material times herein, the Debt is consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

20. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

21. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

22. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23. All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

24. In 2018, Plaintiff obtained a car loan with Defendant.

25. Due to unforeseen circumstances, in or around September 2018, Plaintiff fell

behind on the Debt.

26. As a result, in or around October 2018, Defendant began placing calls to Plaintiff's cellular phone in an attempt to collect the Debt.

27. In October 2018 through the present, Plaintiff has advised Defendant she was unable to pay the Debt due to financial hardship.

28. On multiple occasions during this timeframe, Plaintiff requested Defendant to stop calling her cell phone.

29. Despite Plaintiff's requests, Defendant continued to place automated, artificial voice, and pre-recorded voice calls to Plaintiff's cell phone in an attempt to collect the Debt.

30. When Plaintiff would answer Defendant's calls, there would be a time-gap in which Plaintiff would say "hello" a few times before Defendant's representative would respond.

31. This suggests Defendant was using an automated telephone dialing system to place calls to Plaintiff's cell phone.

32. Despite Plaintiff informing Defendant for her reason of non-payment towards the Debt and taking all reasonable measures at negotiating a resolution to the Debt, Defendant continued its repeated efforts to collect the Debt from Plaintiff.  As a result, Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

33. During the timeframe referenced above, Defendant placed approximately and at least 30 calls to Plaintiff's cell phone in its attempts to collect the Debt.

34. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and fear.

35. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff,

should Plaintiff prevail in this matter against Defendant.

36. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

37. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(7)

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

38. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

39. Specifically, as noted above, Plaintiff explicitly and repeatedly revoked consent, requested/demanded that the direct collection communication cease, explaining that she could not afford to pay the Debt due to financial hardship, yet Defendant continued to repeatedly call and attempt to collect the Debt.

40. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### TELEPHONE CONSUMER PROTECTION ACT-
### <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

41. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

42. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's cell phone multiple times in its attempt to collect the Debt.

43. If Defendant contends it possessed prior express consent, Plaintiff revoked such consent in or about October 2018 and multiple times thereafter.

44. The phone calls placed by Defendant complained of herein are the result of repeated willful and knowing violations of the TCPA.

45. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

   a. The periodic loss of her cell phone service;

   b. Lost material costs associated with the use of peak time cell phone minutes allotted under her cell phone service contract;

   c. The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.    Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendant declaring that Defendant violated the FCCPA;

    b.    Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c.    Judgment against Defendant for maximum statutory damages for violations of the TCPA;

    d.    Actual damages;

    e.    An award of attorneys' fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
/s/ *Jon P. Dubbeld*_____

**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*